

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ELECTRONIC PRIVACY ) <br> INFORMATION CENTER ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> The FEDERAL AVIATION ) <br> ADMINISTRATION, MICHAEL P. ) <br> HUERTA, in his official capacity as ) <br> Administrator of the Federal Aviation ) <br> Administration, and ANTHONY R. FOXX, ) <br> in his official capacity as United States ) <br> Secretary of Transportation, ) <br> ) <br> Respondents. ) <br> ) | No. 16-1297 |

**PETITION FOR REVIEW**

The Electronic Privacy Information Center ("EPIC"), Petitioner herein, by and through undersigned counsel, hereby petitions this Honorable Court for review of the order rendered on June 28, 2016, by the United States Secretary of Transportation through the Administrator of the Federal Aviation Administration ("FAA") in the "Operation and Certification of Small Unmanned Aircraft Systems Final Rule" Operation and Certification of Small Unmanned Aircraft Systems, 81 Fed. Reg. 42,063 (June 28, 2016) (codified at 14 C.F.R. pts. 21, 43, 61, 91, 101, 107, 119, 133 and 183) ("FAA Final Rule").

1

EPIC petitions the Court to hold unlawful the FAA's withholding of unmanned aircraft systems ("UAS") privacy regulations, which the FAA has previously recognized as an important part of UAS integration, from the June 28, 2016 FAA Final Rule.

This petition follows previous attempts by EPIC to ensure the FAA adequately addresses the privacy implications of drone deployment. EPIC first petitioned the FAA to establish privacy rules on March 8, 2012 ("Section 553(e) Petition"). The FAA denied EPIC's Section 553(e) Petition on November 16, 2014. The FAA ordered a Notice of Proposed Rulemaking on February 23, 2015 ("FAA NPRM Order"), which claimed that privacy was outside the scope of that rulemaking.

EPIC subsequently petitioned this Court to review the FAA's denial of EPIC's Section 553(e) Petition, and to hold unlawful the FAA's withholding of privacy regulations from the FAA NPRM Order. This Court held that EPIC could not yet seek review of the FAA NPRM because it was not a final order. *EPIC v. FAA*, 821 F.3d 39, 43 (D.C. Cir. 2016). The present case involves a Final Rule, which is a final order and reviewable.

EPIC files this petition for review pursuant to 49 U.S.C. § 46110, Rule 15 of the Federal Rules of Appellate Procedure, and Circuit Rule 15. Petitioner is the affected party and has a substantial interest in this Order.

Accordingly, Petitioner prays that this Court will vacate the FAA Final Rule attached hereto as Exhibit 1 and remand to the agency to conduct further proceedings.

Respectfully Submitted,

Dated: August 22, 2016

MARC ROTENBERG
ALAN BUTLER
JERAMIE SCOTT
Electronic Privacy Information Center
1718 Connecticut Ave. NW
Suite 200
Washington, DC 20009
(202) 483-1140
　　*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

I hereby certify that on this 22th day of August 2016, I caused to be filed the foregoing Petition of the Electronic Privacy Information Center for Review of an order of the U.S. Secretary of Transportation with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit. Pursuant to 49 U.S.C. § 46110(b), the "clerk of the court immediately shall send a copy of the petition to the Secretary, Under Secretary, or Administrator, as appropriate."

MARC ROTENBERG
ALAN BUTLER
JERAMIE SCOTT
Electronic Privacy Information Center
1718 Connecticut Ave. NW
Suite 200
Washington, DC 20009
(202) 483-1140
  *Counsel for Petitioner*